IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORJA BENTLEY | : | CIVIL ACTION |
| v. | : | |
| MERCK & CO., INC., et al. | : | NO. 17-1122 |
| ROY HAGER | : | CIVIL ACTION |
| v. | : | |
| MERCK & CO., INC., et al. | : | NO. 17-1331 |
| PHILLIP DIVERGIGELIS | : | CIVIL ACTION |
| v. | : | |
| MERCK & CO., INC., et al. | : | NO. 17-1333 |
| RONALD BURTON | : | CIVIL ACTION |
| v. | : | |
| MERCK & CO., INC., et al. | : | NO. 17-1334 |
| STEPHEN TSOPANIS | : | CIVIL ACTION |
| v. | : | |
| MERCK & CO., INC., et al. | : | NO. 17-1335 |
| WANDA YOUNG | : | CIVIL ACTION |
| v. | : | |
| MERCK & CO., INC., et al. | : | NO. 17-1336 |

| DOROTHY SPEARS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MERCK & CO., INC., et al. | : | NO. 17-1337 |
| | : | |
| VICKI LING | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MERCK & CO., INC., et al. | : | NO. 17-1338 |
| | : | |
| DARLENE HARRIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MERCK & CO., INC., et al. | : | NO. 17-1339 |
| | : | |
| ELIZABETH BANJACK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MERCK & CO., INC., et al. | : | NO. 17-1340 |

MEMORANDUM

Bartle, J.                                              May 30, 2017

Plaintiffs from various states filed ten separate lawsuits against Merck & Co., Inc. and Merck Sharp & Dohme Corp. (collectively "Merck") seeking damages for personal injuries sustained as a result of the administration to them of Zostavax, Merck's live vaccine designed to prevent shingles.[1]  Merck timely

---

1. Ann Redfield, a Merck employee, was also named as a defendant in all of these cases.  The court has found that she was fraudulently joined as a defendant and has dismissed the complaints as to her.

removed these actions to this court on March 13, 2017[2] based on diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interests and costs. See 28 U.S.C. § 1332(a). Plaintiffs thereafter filed motions to remand these actions to the Court of Common Pleas of Philadelphia County. The court has denied these motions. Before the court are the motions of Merck under Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure to dismiss Count VI of the complaints against Merck on the ground that plaintiffs fail to state with particularity the circumstances constituting fraud.

I.

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and draw all inferences in the light most favorable to the plaintiff. See Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008). We must then determine whether the pleading at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim must do more than raise a "mere possibility of

---

2. All of the lawsuits except Bentley, C.A. No. 17-1122, were removed on March 24, 2017. Bentley was removed to this court on March 13, 2017.

misconduct." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) (quoting Iqbal, 556 U.S. at 679). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Allegations of fraud trigger the heightened pleading requirement of Rule 9(b) of the Federal Rules of Civil Procedure. In re Burlington Coat Factory Sec. Litig., 113 F.3d 1410, 1417 (3d Cir. 1997). Rule 9(b) provides, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The purpose of Rule 9(b) is to "give defendants notice of the claims against them, provide[] an increased measure of protection for their reputations, and reduce[] the number of frivolous suits brought solely to extract settlements." In re Supreme Specialties, Inc. Sec. Litig., 438 F.3d 256, 270 (3d Cir. 2006).

A complaint alleging fraud "must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (quoting Lum v. Bank of Am., 361 F.3d 217, 223-24 (3d Cir. 2004)). Plaintiffs may meet this particularity requirement by supporting their allegations "with all of the essential factual background that would accompany the first

paragraph of any newspaper story – that is, the who, what, when, where and how of the events at issue." In re Rockefeller Ctr. Properties, Inc. Sec. Litig., 311 F.3d 198, 216 (3d Cir. 2002) (internal quotations omitted).  Plaintiffs must "inject[] precision and some measure of substantiation into [the] allegations of fraud."  Lum, 361 F.3d at 224.

Our Court of Appeals has recognized that with respect to allegations of corporate fraud, "plaintiffs cannot be expected to have personal knowledge of the details of corporate internal affairs.  Thus, courts have relaxed the [particularity] requirement when factual information is particularly within the defendant's knowledge or control." Craftmatic Sec. Litig. v. Kraftsow, 890 F.2d 628, 645 (3d Cir. 1989) (internal citations omitted).  In alleging corporate fraud, "plaintiffs must accompany their allegations with facts indicating why the charges against defendants are not baseless and why additional information lies exclusively within defendants' control."  Id. at 646.

Count VI of the complaints alleges in conclusory terms that defendants intentionally, willfully, and knowingly, fraudulently represented to plaintiffs, the medical community, the FDA, consumers, and healthcare providers that Zostavax had been adequately tested in clinical trials and was found to be safe and effective.  Plaintiffs aver that defendants omitted the

true defective design of Zostavax that heightened consumers' risk of injury and disease. Plaintiffs further aver that the individuals to whom the false representations were made were unaware of the falsity of the representations. According to the complaints, the false representations were made for the purpose of inducing plaintiffs' physicians and healthcare provides to purchase, prescribe, and administer Zostavax and to induce plaintiffs to use Zostavax.

While we are mindful that the application of Rule 9(b) is flexible with respect to allegations of corporate fraud, plaintiffs make no effort to inject precision into the complaints by pleading the who, what, when, where, and how of the events at issue. See In re Rockefeller, 311 F.3d at 216; see also Lum, 361 F.3d at 223-24. Plaintiffs baldly assert that defendants falsely represented to unnamed individuals, on unspecified dates, that Zostavax was safe and effective. They have failed to allege the date, place, time, and source of the misrepresentations with respect to any of the plaintiffs. They never identify the specific misrepresentation in issue, or when or where they occurred. Significantly, plaintiffs have not alleged why additional information to substantiate their general allegations lies exclusively within the control of defendants. See Craftmatic, 890 F.2d at 645. Indeed, much of the information is apparently in the possession of healthcare

-6-

providers or persons otherwise outside of the control of defendants.  Plaintiffs have failed to allege fraud with sufficient particularity to put defendants on notice of the precise misconduct with which it is charged.  <u>Frederico</u>, 507 F.3d at 200.

We conclude that plaintiffs have not pleaded with particularity the circumstances constituting fraud in Count VI against Merck as required under Rule 9(b).  Accordingly, the motions of Merck to dismiss Count VI of the complaints will be granted.